# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09-cv-125-RJC-DSC
# CONSOLIDATED

| | |
|---|---|
| GMAC MORTGAGE, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| FLICK MORTGAGE INVESTORS, INC., | ) |
| Defendant. | ) |
| FLICK MORTGAGE INVESTORS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| CHICAGO TITLE INSURANCE COMPANY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the defendant Chicago Title Insurance Company's Motion to Dismiss (Doc. No. 5); the parties' respective briefing on the motion (Doc. Nos. 12 & 14); the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 16); the defendant's Objection to the M&R (Doc. No. 17); and the parties' respective briefing on the Objection (Doc. Nos. 18 & 19). For the reasons stated below, the Court will **DENY** the defendant's Motion to Dismiss.

**I.      BACKGROUND**

The defendant does not object to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court adopts and reiterates those facts as follows:

This is an action alleging breach of contract and bad faith denial of an insurance claim. Accepting the allegations of the Complaint as true, as we must at this early stage in the proceeding, Plaintiff Flick Mortgage Investors, Inc. ("Flick") committed to providing a loan in the principal amount of $459,600.00 to Charles Dixon for the purpose of refinancing the current mortgage on his home located at 6129 Providence Glen Road, Charlotte, North Carolina ("Property"). Mr. Dixon selected Armina D. Swittenberg as the closing attorney for the transaction. Swittenberg was an approved attorney for Defendant Chicago Title Insurance Company ("Chicago Title"). Chicago Title issued to Flick a title insurance commitment bearing Commitment Number LX2001-00935 ("Title Commitment") and an insured Closing Protection Letter dated August 30, 2001 ("CPL"). The CPL states:

> When title insurance of Chicago Title Insurance Company is specified for your protection in connection with closing of real estate transactions in which you are to be . . . a lender secured by a mortgage . . . of an interest in the land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with such closings when conducted by . . . the above Approved Attorney, and when such loss arises out of : . . . 1. Failure of the Approved Attorney to comply with your written closing instructions. . . or 2. Fraud or dishonesty of the . . . Approved Attorney in handling your funds or documents in connection with such closings.

Flick provided to Swittenberg a set of loan closing documents including specific closing instructions that required Swittenberg to pay off all liens of record encumbering the Property prior to disbursement of the funds from the Flick loan and specifically referenced a payoff disbursement of $459,641.00 to the home equity lien. The specific closing instructions also required that the Flick mortgage must record in first lien position on or prior to the disbursement date of the Flick loan. Swittenberg closed the transaction in a fraudulent manner by failing to follow Flick's closing instructions, failing to use the proceeds loaned by Flick to pay off and satisfy the prior mortgage on title, the home equity lien, and failing to remit the title insurance premium to Chicago Title in order to obtain an actual title insurance policy. Additionally, Swittenberg recorded the Flick mortgage subordinate to the home equity lien, which she failed to pay off or satisfy. After the closing of the loan but prior to the discovery of the defalcations associated with the closing, Flick sold the loan to GMAC Mortgage subject to certain repurchase or "make-whole" provisions. Thereafter, Dixon defaulted on the Flick loan. Flick notified Chicago Title of its title insurance claim on November 1, 2006. Chicago Title acknowledged the claim in a letter dated November 8, 2006. In a civil action in Mecklenburg County Superior Court, the Court found that Wachovia Bank was the holder of the home equity lien and that the home equity lien was superior to the Flick mortgage.

On October 8, 2008, GMAC Mortgage demanded that Flick repurchase the Flick loan pursuant to the terms of their agreement since the loan was not a first priority lien. After this demand, Flick requested Chicago Title pay the repurchase price demanded by GMAC Mortgage. In a letter dated October 16, 2008, Chicago Title denied Flick's claim stating that "[u]nless Flick repurchases the loan, Flick will not have sustained an actual loss as a result of Ms. Swittenberg's actions at the loan closing."

On February 27, 2009, Flick filed a complaint in the Superior Court of Mecklenburg County, North Carolina alleging that Chicago Title's failure to pay the repurchase price constituted a breach of the CPL (Count I), a breach of the commitment for title insurance (Count II) and a bad faith denial of an insurance claim (Count III). On March 27, 2009, Chicago Title removed the state court action to this Court, alleging diversity. Removal has not been challenged and appears to be proper. On April 15, 2009, GMAC Mortgage filed a complaint in this Court against Flick for breach of contract by not repurchasing the Flick loan. On April 27, 2009, Defendant filed the subject "Motion to Dismiss," which has been fully briefed and is, therefore, ripe for disposition. On May 21, 2009, the Honorable Martin Reidinger ordered that for pretrial matters, the Flick action and the GMAC action would be consolidated.

## II.     STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded

allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Towmbly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. DISCUSSION

Flick's claims for breach of contract are in the alternative, alleging that Chicago Title's liability is created by either the CPL or the Title Commitment. The M&R found that Flick has stated a claim for breach of contract under either document and recommends denying Chicago Title's motion to dismiss so that Flick may conduct discovery to further develop its claims. The Magistrate Judge then found that because Flick has stated viable claims for breach of contract, its third cause of action for bad faith denial of an insurance claim should also survive dismissal. Chicago Title makes two specific objections to the M&R, each related to Flick's claims for breach of contract.[1] First, it argues that the Magistrate Judge erred by declining to find as a matter of law that Flick must first settle GMAC's claim against it before attempting to enforce the CPL against Chicago Title.

---

[1] Chicago Title also objects to the M&R's recommendation against dismissal of Flick's third claim for bad faith denial of an insurance claim, but only to the extent that this claim cannot remain should Flick's first two claims for breach of contract fail.

Second, Chicago Title argues that the Magistrate Judge erred by finding Flick's pleadings sufficient to allege the existence of a contract created by the Title Commitment.

A.      **Flick's Claim for Breach of the CPL**

Title insurance companies doing business in North Carolina are authorized to "insure the proper performance of services necessary to conduct a real estate closing performed by an approved attorney licensed to practice in North Carolina." N.C. Gen. Stat. § 28-26-1. The parties assume for the sake of this motion to dismiss that the CPL issued by Chicago Title operates as this type of insurance and protects Flick against certain losses arising out of the closing of the Dixon loan.[2] It obligates Chicago Title to "reimburse [Flick] for actual loss incurred by [Flick] in connection with such closings . . . when such loss arises out of" the closing attorney's fraud or failure to perfect Flick's security interest. (Doc. No. 1 at 21-22: Pl. Ex. C).

Chicago Title argues that the CPL is, at most, a contract for indemnity. Thus, until Flick makes reimbursement to GMAC, thereby suffering an "actual loss," Chicago Title argues that it cannot be found in breach of the CPL. See Walker Mfg. v. Dickerson, Inc., 510 F. Supp. 329, 331 (W.D.N.C. 1980) ("North Carolina follows the general rule of law with respect to indemnity, that is, the indemnitee cannot collect indemnity for loss from the indemnitor until it has made payment or otherwise suffered an actual loss or damage.") (internal quotation marks omitted). But even assuming that North Carolina courts would regard the CPL as a contract for indemnity only,

---

[2] See Johnson v. Schultz, 691 S.E.2d 701, 2010 WL 1492845, at *4 (N.C. 2010) (citing 2 James A Webster, Jr., Webster's Real Estate Practice Law in North Carolina § 27-10, at 1195 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 5th ed. 1999)) ("Closing protection letters, which are usually made available by title insurance companies, protect buyers from closing defects that affect the status of title."). However, the law related to CPLs remains somewhat unclear. As the M&R noted, "whether a CPL constitutes insurance has yet to be answered definitively in North Carolina." (Doc. No. 16 at 5).

5

dismissal does not follow. "Relief need not be thwarted by the nature of indemnity which ordinarily imposes an obligation to reimburse another only after sustaining a loss. This may be handled either by a conditional decree or the entry of a declaratory judgment." Travelers Ins. Co. v. Busy Elec. Co., 294 F.2d 139, 145 (5th Cir. 1961) (internal citations omitted); accord Wilson v. City of Chicago, 120 F.3d 681, 685 (7th Cir. 1997). Regardless of whether North Carolina law would preclude Flick's recovery from Chicago Title until it settles GMAC's claim, the Court is "free to shape the relief on an accelerated or contingent claim to reflect the limitations of substantive state law." 6 C. Wright & A. Miller, Federal Practice and Procedure § 1451, p. 410 (2d ed. 1990). The Court therefore denies Chicago Title's motion to dismiss Flick's first claim for breach of contract.

### B. Flick's Claim for Breach of the Title Commitment

Chicago Title argues that Flick's second claim for breach of contract asserted under the Title Commitment is insufficiently pleaded because Flick failed to attach a copy of the Title Commitment to its Complaint. The document that Flick has actually attached to its Complaint is titled "Endorsement No. 1" and appears to be an addendum to the Title Commitment. (Doc. No. 1 at 15-20: Pl. Ex. C). Thus, while the document attached to Flick's Complaint suggests that the Title Commitment exists, it has not been submitted to the Court.

Flick's failure to attach a copy of the Title Commitment to its Complaint is not fatal to its second claim for breach of contract. See Wright & Miller, supra, at § 1235, p. 393 ("In pleading the existence of an express written contract, the plaintiff . . . may set it forth verbatim in the complaint, attach a copy as an exhibit, or plead it according to its legal effect."). Here, Flick has elected to plead the legal effect of the Title Commitment—that it obligates Chicago Title to insure Flick against losses resulting from Swittenberg's failure to secure the Dixon loan with a first priority mortgage. (Doc. No. 1 at 12: Compl. ¶ 43). This is sufficient to make out a "short and plain statement of the

claim," all that is required under the pleading requirements of Fed. R. Civ. P. 8. See, e.g., Jones v. Select Portfolio Servicing, Inc., No. 08-972, 2008 WL 1820935, at *3-4 (E.D. Pa. Apr. 22, 2008); W. Oilfields Supply Co. v. Goodwin, No. CV-F-07-1863-AWI-DLB, 2008 WL 2038048, at *2 (E.D. Cal. May 12, 2008); Medallion Prods., Inc. v. H.C.T.V., Inc., No. 06-C-2597, 2006 WL 3065344, at *8 (N.D. Ill. Oct. 24, 2006); Mount Hawley Ins. Co. v. Guardsmark, Inc., No. 01-C-5088, 2001 WL 766874, at *1-2 (N.D. Ill. July 5, 2001); Key Club Assocs., Ltd. P'ship v. Biron, No. 91-1573-CIV-T-17B, 1992 WL 56797, at *2 (M.D. Fla. March 17, 1992) (all holding that under federal pleading standards, a plaintiff need not attach copies of written agreements referenced in the complaint).

Chicago Title also argues at length that the terms of the Title Commitment fail to create the insurance liability that Flick alleges. Flick's overt references to the Title Commitment in its Complaint would allow Chicago Title to introduce the document in support of its motion to dismiss. See Venture Assoc's Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993) ("A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so."). Moreover, "in the event of conflict between the bare allegations of the complaint and any exhibit . . . , the exhibit prevails." Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). However, Chicago Title has not submitted a copy of the Title Commitment for the Court's review. Thus, the actual terms of the Title Commitment remain an issue of fact, which the Court must resolve in favor of Flick at this stage in the proceedings. See Mylan Labs, 7 F.3d at 1134. Accordingly, the Court also denies Chicago Title's motion to dismiss Flick's second claim for breach of contract.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant Chicago Title Insurance Company's Motion to Dismiss (Doc. No. 5) is **DENIED**.

**SO ORDERED.**

Signed: May 25, 2010

Robert J. Conrad, Jr.
Chief United States District Judge