UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-125-RJC-DSC
CONSOLIDATED

| | |
|---|---|
| GMAC MORTGAGE, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| FLICK MORTGAGE INVESTORS, INC., | ) |
| Defendant. | ) |
| | |
| FLICK MORTGAGE INVESTORS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| CHICAGO TITLE INSURANCE COMPANY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on GMAC Mortgage, LLC (GMAC)'s Motion to Appoint Receiver and Motion to Intervene[1] (Doc. No. 31) and its respective affidavits, briefing, and amendment to the motion (Doc. Nos. 32-34, 49); Chicago Title Insurance Company (Chicago Title)'s Response in Opposition to GMAC's Motion (Doc. No. 40) and Amended Motion (Doc. No. 50); Flick Mortgage Investors, Inc. (Flick)'s Response to GMAC's Motion

---

[1] GMAC's motion originally included a request for a temporary restraining order and issuance of a preliminary injunction, but GMAC later withdrew these requests. (Doc. No. 35).

(Doc. No. 41) and Amended Motion (Doc. No. 51); and finally, GMAC's Reply (Doc. No. 46). This matter also concerns Flick's Motion to be Relieved of Obligation to Prosecute Claim, or in the alternative, to Dismiss (Doc. No. 42); and Chicago Title's Response in Opposition to Flick's Motion (Doc. No. 45).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Chicago Title issued a commitment for title insurance and a Closing Protection Letter (CPL) to Flick before Flick made a $459,600 mortgage loan to Charles Dixon to refinance he and his wife Michele's home in Charlotte, NC. The closing attorney Armina Swittenberg, who was an Approved Attorney for Chicago Title, fraudulently closed the transaction and misappropriated the loan funds so that the loan is now worthless. The CPL obligated Chicago Title to reimburse Flick for "actual loss incurred by you in connection with such closings when conducted by . . .the above Approved Attorney" and when losses arose out the failure of the Approved Attorney to follow Flick's written closing instructions or fraud and dishonesty.

After the closing, but prior to Flick's discovery of Swittenberg's fraud, Flick sold the loan to GMAC. Once the fraud was discovered, GMAC demanded that Flick repurchase the loan pursuant to the terms of their "Correspondent Agreement for Purchase and Sale of Residential Mortgage Loans." Flick accordingly requested that Chicago Title pay the repurchase price demanded by GMAC. In a letter dated October 16, 2008, Chicago Title denied Flick's claim stating that "[u]nless Flick repurchases the loan, Flick will not have sustained an actual loss as a result of Ms. Swittenberg's actions at the loan closing." As a result, Flick filed this action against Chicago Title alleging that Chicago Title's failure to pay the repurchase price constituted a breach of the CPL (Count I), a breach of the commitment for title insurance (Count II), and a bad faith denial of an insurance claim (Count III). The dispute between Flick and

Chicago Title is thus a dispute regarding the existence and extent of coverage under the Closing Protection Letter and commitment for title insurance.[2]

Meanwhile, GMAC filed a complaint against Flick for breach of contract by not repurchasing the Flick loan. The Flick action and the GMAC action were consolidated for pretrial matters. GMAC then filed a Motion for Judgment on the Pleadings against Flick, who "readily agreed" that GMAC was entitled to a consent judgment. (Doc. No. 41 at 3: Flick Response to GMAC's Motion for Appointment of Receiver and Intervention). On May 25, 2010, this Court granted GMAC's unopposed Motion. However, this Court deferred entry of final judgment as to GMAC's claim against Flick pending the resolution of all claims against all parties in this matter, or upon determination that final judgment is warranted pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. On June 25, 2010, GMAC filed a Motion for Final Judgment (Doc. No. 27) as to its judgment on the pleadings against Flick, in which GMAC asks for principal damages in the amount of $535,005.61, plus $31,532.81 for attorneys' fees. Flick did not respond.

While these actions were underway, Flick was administratively dissolved by the state of North Carolina on February 24, 2010. Flick appears to be insolvent and thus unable not only to repurchase the loan from GMAC but also to pursue its action against Chicago Title. Furthermore, counsel for Flick contacted counsel for GMAC regarding the status of the consolidated action and stated that Flick would only continue to pursue its action against

---

[2] Chicago Title subsequently filed a Motion to Dismiss, which this Court denied on May 25, 2010. In doing so, this Court noted that even if the CPL is only a contract for indemnity, dismissal does not follow from the fact that Flick has not made reimbursement to GMAC (and thus has not suffered an "actual loss") because this Court is free to shape the relief on an accelerated or contingent claim to reflect the limitations of substantive state law.

Chicago Title if GMAC agreed to evenly split any future recovery. (Doc. No. 34-2, Exhibit B at ¶ 4: Christian Hancock Affidavit; Doc. No. 33-6: Emails to and from counsel for Flick and counsel for GMAC). GMAC refused and instead filed the instant motion seeking to intervene as of right in Flick's action against Chicago Title. GMAC alleges that it has an interest in the transaction that is the subject of the action, that Flick cannot adequately represent its interest, and that denial of its intervention request may impair or impede its ability to protect its interest. Chicago Title is opposed to intervention. Flick, however, is not opposed to the motion insofar as Flick can be relieved of its duty to prosecute the claim. Otherwise, Flick moves to dismiss its claim against Chicago Title.[3]

## II. DISCUSSION

### A. GMAC's Motion to Intervene

GMAC seeks to intervene as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, which states in pertinent part:

> **(a) Intervention of Right**. On timely motion, the court must permit anyone to intervene who ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2). In order to prevail on a motion to intervene as of right under Rule 24(a)(2), GMAC must therefore show that: (1) its application was timely; (2) it possesses an interest in the subject matter of the litigation; (3) without intervention, its interest would be impaired, and (4) its interest is not adequately protected by the existing parties. See id.; see also,

---

[3] This Court declines to be bound by Flick's conditional support of GMAC's Motion to Intervene and thus reviews the Motion to Intervene solely on the merits.

Richman v. First Woman's Bank (Matter of Richman), 104 F.3d 654, 659 (4th Cir. 1997). A would-be intervener such as GMAC bears the burden of establishing a right to intervene and must prove each element in order for a court to grant intervention as of right. See United Guar. Residential Ins. Co. v. Philadelphia Sav. Fund Soc., 819 F.2d 473, 474 (4th Cir. 1987).

1.      **Timeliness of Motion**

This Court decides whether GMAC's motion is timely within its sound discretion, and its decision will not be disturbed on appeal unless there is an abuse of discretion. See Gould v. Alleco, Inc. 883 F.2d 281, 286 (4th Cir. 1989) (citing NAACP v. New York, 413 U.S. 345, 365-66 (1973)). As the Fourth Circuit has stated, "[t]he courts are in general agreement regarding the considerations relevant to determinations of the timeliness of an intervention motion. A reviewing court should look at how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." Gould, 883 F.2d at 286 (citing Commonwealth of Pa. v. Rizzo, 530 F.2d 501, 506 (3rd Cir.1976), cert. denied, Fire Officers Union v. Pennsylvania, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976); Nevilles v. EEOC, 511 F.2d 303, 305 (8th Cir.1975)).

In the instant case, each of these considerations weighs in favor of intervention. First, Flick's suit against Chicago has not progressed beyond the initial pleadings stage, and GMAC's motion to intervene was filed only three weeks after Chicago Title filed its Answer to Flick's Complaint. Second, Granting the motion to intervene would not prejudice either Flick or Chicago Title. Finally, GMAC's reason for moving to intervene when it did (and not right after Flick's complaint was filed) was because it reasonably believed that Flick had decided to dismiss the action unless GMAC agreed to evenly split the resulting proceeds. (Doc. No. 34-2 at 3:

Hancock Affidavit). Thus, GMAC's motion is timely. See, e.g., Houston General Ins. Co. v. Moore, 193 F.3d 838, 840 (4th Cir. 1999) (finding motion untimely where judgment had already been rendered).

### 2. Significant Interest

Rule 24 does not detail what kind of interest a party must have in order to intervene as a matter of right, but the Supreme Court has held that "[w]hat is obviously meant ... is a significantly protectable interest." Donaldson v. United States, 400 U.S. 517, 531 (1971). GMAC makes two arguments to support its claim that it has a significant interest in the property that is the subject matter of this litigation: in its original motion, GMAC's argument was based on its status as the judgment creditor against Flick; subsequently, in its amended motion, GMAC argued that its interest is also derived from its status as a true party in interest because it was assigned Flick's rights, interests, and title to the deed or trust. Chicago Title responds that GMAC has no legally protected interest against it because GMAC is not the addressee of the Closing Protection Letter. What it has is an action for damages against Flick for breach of contract, which is merely an economic interest and therefore insufficient to to support a motion to intervene. Doc No. 40 at 3-4: Chicago Title's Opposition to GMAC's Motion.

Teague v. Bakker, 931 F.2d 259 (4th Cir. 1991) demonstrates that GMAC's interest here is adequate. In Teague, the insurer, Employers Reinsurance Corporation (ERC), sued its insureds seeking a declaration that it had no obligation to pay claims asserted against the insureds in an underlying class action lawsuit. Id. at 259-60. The plaintiffs in the underlying class action, who had filed suit against the insureds, sought to intervene. Id. at 260. The Fourth Circuit noted the split in authority on whether a party has a Rule 24(a)(2) interest when it

6

possesses a contingent interest, then sided with the reasoning that an "interest [that] is contingent on the outcome of other litigation" is sufficient for Rule 24(a)(2) purposes. It held that the intervenors stood "to gain or lose by the direct legal operation of the district court's judgment on [the insurer's] complaint" because the insurer was asking the court to declare that it had no obligation regarding the underlying class action litigation. Id. at 261. Subsequent cases have emphasized that the Teague interveners had already obtained a judgment against the insured in a separate action. See, e.g., Royal Indem. Co. V. United Enterprises, Inc., 162 Cal.App. 4th 194, 209 n. 6 (2008); Liberty Mut. Ins. Co. V. Treesdale, Inc., 419 F.3d 216, 223 (3rd Cir. 2005).

Like the Teague intervenors, GMAC has obtained a judgment against Flick and hopes to eventually collect upon this judgment under Chicago Title's commitment for title insurance and the CPL. GMAC's interest is contingent on the outcome of the Flick action against Chicago Title, and it stands "to gain or lose by the direct legal operation of the district court's judgment" because the outcome of that action will affect GMAC's ability to protect its interest in collecting upon its judgment against Flick. See Teague, 931 F.2d at 261. This interest is significant enough to warrant intervention. See id; see also, Alford v. Davis, 505 S.E.2d 917, 920-921 (N.C.App.,1998) (stating that parties seeking to intervene who are intended third-party beneficiaries of the insurance contract at issue clearly have significant legal interests directly affected by the outcome of declaratory judgment actions and worthy of legal protection under Teague); United Services Auto. Ass'n v. Simpson, 485 S.E.2d 337 (N.C.App.,1997) (applying Teague to allow intervention for party with legal interest in the subject matter of insurance company's declaratory judgment action). This Court thus finds that GMAC has a "significantly protect able interest," satisfying the requirements of Rule 24(a).

Chicago Title's argument that allowing GMAC to intervene creates an open invitation for all creditors of a defendant to intervene in a lawsuit where damages may be awarded is unpersuasive. GMAC is not a stranger to the underlying loan transaction and does not assert some amorphous general claim of economic interest. Rather, GMAC has been involved with the Dixon loan since the day it was originated (in fact, Chicago Title even hired counsel to represent GMAC in the suit brought by Wachovia Bank to determine whose lien had priority), is still in possession of the loan, and only seeks to protect its particular right to the benefits of the CPL.

### 3. Significant Impairment of Protection of Interest

Because of Flick's limited assets, GMAC's ability to collect on its judgment turns on Flick's action against Chicago Title. It is axiomatic that denying intervention will significantly impair GMAC's ability to protect its interest as Flick has indicated that it will dismiss the action if GMAC's motion to intervene is not granted.

### 4. No Adequate Protection by Existing Parties

In Trbovich v. United Mine Workers, 404 U.S. 528 (1972), the Supreme Court held that would-be intervenors satisfy Rule 24(a)'s requirement that their interest is not adequately protected by the present litigants if they show that representation of their interest "may be" inadequate. 404 U.S. at 538 n. 10, quoting 3B.J. Moore, Federal Practice 24.09-1 (4) (1969). The burden of making this showing should be treated as "minimal." Id. Here, that minimal burden is met because Flick's interest in dismissing the case or in splitting any proceeds with GMAC, as well as its stance that Flick's insurance coverage is unassignable, are adverse to GMAC's interest and thus cannot be said to adequately protect GMAC's interest. See United Guar. Residential Ins. Co. of Iowa, 819 F.2d at 475.

B. <u>**GMAC's Motion to Appoint Receiver**</u>

As GMAC notes, "if its request to intervene is allowed, there will be no need for a receivership over Flick." (Doc. No. 46 at 2: GMAC's Reply Brief). This Motion is denied as moot.

**IT IS, THEREFORE, ORDERED THAT:**

1. GMAC Mortgage, LLC's Motion to Intervene is **GRANTED**.

2. GMAC Mortgage, LLC's Motion to Appoint Receiver is **DENIED AS MOOT**.

Signed: March 7, 2011

Robert J. Conrad, Jr.
Chief United States District Judge