# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:09-cv-125-RJC-DSC
## CONSOLIDATED

| | | |
|---|---|---|
| GMAC MORTGAGE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FLICK MORTGAGE INVESTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | **ORDER** |
| FLICK MORTGAGE INVESTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| CHICAGO TITLE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the following documents:

1. GMAC Mortgage, LLC's ("GMAC") Motion for Entry of Final Judgment under Rule 54(b) and Motion for Judgment on the Pleadings Under Rule 12(c), (Doc. No. 27);

2. Flick Mortgage Investors, Inc. ("Flick") and Chicago Title Insurance Company's ("Chicago Title") Joint Motion to Dismiss Flick's Complaint Against Chicago Title ("Motion to Dismiss"), (Doc. No. 61);

3. The Magistrate Judge's July 18, 2011 Memorandum and Recommendation ("M&R"), (Doc. No. 67), recommending denial of the Motion to Dismiss; and

4. GMAC's Motion for Status Conference, (Doc. No. 73).

I. BACKGROUND

On April 15, 2009, GMAC sued Flick for breach of contract. (Case No. 3:09-cv-154, Doc. No. 1). GMAC alleged that Flick breached the terms of the parties' Correspondent Agreement for Purchase and Sale of Residential Mortgage Loans ("Correspondent Agreement") by refusing to repurchase a $469,000 refinance loan. (Id. at 5-6). Flick subsequently asserted a title claim with Chicago Title, which had insured the title for the loan. However, because Flick had not yet repurchased the loan from GMAC, Chicago Title denied Flick's claim, asserting that Flick had not suffered a loss. On February 2, 2009, Flick sued Chicago Title for breach of contract and bad faith denial of an insurance claim.[1] (Doc. No. 1).

On May 21, 2009, GMAC's suit against Flick was consolidated with Flick's suit against Chicago Title. (Doc. No. 13). On May 25, 2010, this Court granted GMAC's unopposed motion for judgment on the pleadings, disposing of all claims between GMAC and Flick. (Doc. No. 25). The Court deferred entry of final judgment "pending the resolution of all claims against all parties in this matter . . ." (Id. at 3). On April 6, 2011, Flick and Chicago Title entered into a Settlement and Assignment Agreement ("Settlement Agreement"), (Doc. No. 61-9), in which Flick purportedly "settled its claims against Chicago Title and assigned to Chicago Title any claims Flick might have related to the subject matter of this action." (Doc. No. 61-1 at 3). Flick and Chicago Title filed a Joint Motion to Dismiss Flick's Complaint Against Chicago Title on June 3, 2011. (Doc. No. 61). GMAC opposes Flick and Chicago Title's Motion to Dismiss.

---

[1] Flick brought the action in Mecklenburg County Superior Court and on March 27, 2009, Chicago Title removed the lawsuit to this Court. (Doc. No. 1: Notice of Removal and Complaint).

(Doc. No. 65).  On July 18, 2011, the Magistrate Judge recommended that this Court deny Flick and Chicago Title's Motion to Dismiss "without prejudice to those parties' right to renew their Motion following resolution of all claims between GMAC and Chicago Title."  (Doc. No. 67 at 3).

On March 2, 2012, GMAC filed a Motion for Status Conference, (Doc. No. 73). Recognizing that some some time has passed since the filing of Flick and Chicago Title's Joint Motion to Dismiss, (Doc. No. 61) and  GMAC's Rule 54(b) Motion for Entry of Final Judgment, (Doc. No. 27), nonetheless  before deciding the pending Motions, the Court requests supplemental briefing as discussed below.

## II.    DISCUSSION

Flick and Chicago Title contend that "Flick's participation in GMAC's suit is not necessary to determine whether any particular claim was assigned to GMAC because any claim not assigned to GMAC is now owned by Chicago Title."  (Doc. No. 61-1 at 4).  Flick and Chicago Title argue that pursuant to the Settlement Agreement, Chicago Title now owns whatever claims Flick did not previously assign to GMAC under the Assignment of Deed of Trust, (Doc. No. 61-4).  Flick and Chicago Title state that "[b]ecause Flick has no interest in any unsettled claims that remain before the Court, Flick's further participation in this case is unnecessary."  (Doc. No. 61-1 at 5).  Alternatively, Flick and Chicago Title argue that "[i]f Flick assigned all of its rights to GMAC on September 6, 2001, as GMAC contends, then Flick's recent assignment to Chicago Title may be ineffective."  (Doc. No. 66 at 6).

GMAC argues that "[t]he mere fact that Flick is unwilling or unable to pursue its claims against Chicago Title should not operate to extinguish GMAC's rights in this matter, especially since GMAC is the real party in interest here."  (Doc. No. 65 at 3).  GMAC further contends that

the Settlement Agreement between Flick and Chicago Title "purports to transfer GMAC's interests to Chicago Title." (Id. at 4). GMAC argues that if the Court dismisses Flick's Complaint against Chicago Title, GMAC will be unfairly prejudiced. (Id.).

Because the dismissal as requested by Flick and Chicago Title would not dispose of the entire matter currently before the Court, the Court considers the effect of the requested dismissal on GMAC's interests. See ITV Direct, Inc. v. Healthy Solutions, LLC, 445 F.3d 66, 70 (1st Cir. 2006) ("a third-party intervenor's interests should also be considered before granting a motion to dismiss with prejudice"); see also Cnty. of Santa Fe v. Pub. Serv. Col. of N.M., 311 F.3d 1031, 1049 (10th Cir. 2002); Wheeler v. Am. Home Prods. Corp., 582 F.2d 891, 896 (5th Cir. 1977).

GMAC offers "two alternative theories under which GMAC can be made whole for damages suffered at the hands of Chicago Title's agent: (1) the Court may find that GMAC can only recover for the harm it has suffered by pursuing Flick's asserted claims against Chicago Title; or (2) the Court may find that, as a third party intervenor, GMAC stepped into the shoes of Flick by operation of Flick's previous assignment of the subject mortgage to GMAC, and that as a result GMAC has claims directly against Chicago Title." (Doc. No. 71 at 2). GMAC concedes that if the assignment of the subject mortgage was effective to transfer to GMAC all of Flick's rights, title and interest in the deed of trust, including any rights or claims under the commitment and closing protection letter, then GMAC will have direct claims against Chicago Title and Flick does not need to remain a party to this litigation. (Id.). The Magistrate Judge's M&R focuses primarily on this theory in denying the Motion to Dismiss. See (Doc. No. 67 at 2-3) (noting that allowing GMAC to intervene is evidence that "the Court's intention is to allow GMAC to fully pursue its claims against Chicago Title").

A central issue is whether the filing of GMAC's Complaint in Intervention, (Doc. No.

55), preserved its claims against Chicago Title, notwithstanding the proposed dismissal of Flick's Complaint. The Court finds the parties' briefing on this issue inadequate. Accordingly, the Court **ORDERS** the parties to provide supplemental briefing on the issue of whether, as a third party intervenor, "GMAC stepped into the shoes of Flick by operation of Flick's previous assignment of the subject mortgage to GMAC, and that as a result GMAC has claims directly against Chicago Title." (Doc. No. 71 at 2).

## III.   CONCLUSION

   **IT IS, THEREFORE, ORDERED THAT** the parties shall have up to and including **March 19, 2012** to provide supplemental briefing on the following issues:

1.   Whether GMAC "stepped into the shoes of Flick" by operation of Flick's September 6, 2001 assignment of the subject mortgage to GMAC;

2.   Assuming GMAC did step into Flick's shoes by operation of the assignment, whether GMAC has claims directly against Chicago Title as a result of such assignment; and

3.   GMAC's Motion for Status Conference is stayed until briefing is finished and the Court has ruled on the issues pending before it.

Signed: March 5, 2012

Robert J. Conrad, Jr.
Chief United States District Judge