# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09-cv-125-RJC-DSC
# CONSOLIDATED

| | |
|---|---|
| GMAC MORTGAGE, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>FLICK MORTGAGE INVESTORS,  )<br>INC.,  )<br>)<br>Defendant.  )<br>_____  )<br>)<br>FLICK MORTGAGE INVESTORS,  )<br>INC.,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>CHICAGO TITLE INSURANCE  )<br>COMPANY,  )<br>)<br>Defendant.  )<br>_____  ) | **ORDER** |

**THIS MATTER** comes before the Court on the following documents:

1. Flick Mortgage Investors, Inc. ("Flick") and Chicago Title Insurance Company's ("Chicago Title") Joint Motion to Dismiss Flick's Complaint Against Chicago Title ("Motion to Dismiss"), (Doc. No. 61);

2. GMAC Mortgage, LLC's ("GMAC") Opposition to the Motion to Dismiss, (Doc. No. 65);

3. Flick and Chicago Title's Joint Reply to GMAC's Opposition to the Motion to Dismiss, (Doc. No. 66);

4. The Magistrate Judge's July 18, 2011 Memorandum and Recommendation

("M&R"), (Doc. No. 67), recommending the denial of the Motion to Dismiss;

5. The Joint Objection of Flick and Chicago Title to the M&R, (Doc. No. 68);

6. GMAC's Response to the Joint Objection of Flick and Chicago Title to the M&R, (Doc. No. 71); and

7. Flick and Chicago Title's Joint Surreply, (Doc. No. 72).

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2001, Charles and Michelle Dixon refinanced their home mortgage loan using the services of attorney Armina Swittenberg. Chicago Title issued a commitment for title insurance and a Closing Protection Letter ("CPL") to Flick before Flick made the loan to the Dixons. Swittenberg, who was an Approved Attorney for Chicago Title, fraudulently closed the transaction and misappropriated the loan funds so that the loan is now worthless. The CPL obligated Chicago Title to reimburse Flick for "actual loss incurred by you in connection with such closings when conducted by . . . the Approved Attorney," and when losses arose out of the failure of the Approved Attorney to follow Flick's written closing instructions, or from fraud and dishonesty. GMAC alleges that on September 6, 2001, pursuant to the Correspondent Agreement for Purchase and Sale of Residential Mortgage Loans ("Correspondent Agreement"), Flick assigned the mortgage loan to GMAC and executed an assignment of deed of trust, transferring and assigning to GMAC all of Flick's rights, title and interest in and to the deed of trust and related title insurance documents. (Doc. No. 55 at 6).

Once the fraud was discovered, GMAC demanded that Flick repurchase the loan pursuant to the terms of their Correspondent Agreement. Flick accordingly requested that Chicago Title pay the repurchase price demanded by GMAC. In a letter dated October 16, 2008, Chicago Title denied Flick's claim, stating that "[u]nless Flick repurchases the loan, Flick will

not have sustained an actual loss as a result of Ms. Swittenberg's actions at the loan closing." As a result, Flick sued Chicago Title on February 27, 2009, alleging that Chicago Title's failure to pay the repurchase price constituted a breach of the CPL (Count I), a breach of the commitment for title insurance (Count II), and a bad faith denial of an insurance claim (Count III). (Doc. No. 1 at 11-13).

On April 15, 2009, GMAC sued Flick for breach of contract. (Case No. 3:09-cv-154, Doc. No. 1). GMAC alleged that Flick breached the terms of the parties' Correspondent Agreement by refusing to repurchase the Dixon refinance loan. (Id. at 5-6). On May 21, 2009, GMAC's suit against Flick was consolidated with Flick's suit against Chicago Title. (Doc. No. 13). On December 14, 2009, GMAC filed a Motion for Judgment on the Pleadings against Flick, who "readily agreed" that GMAC was entitled to a consent judgment.[1] (Doc. No. 41 at 3: Flick Response to GMAC's Motion for Appointment of Receiver and Intervention). On May 25, 2010, this Court granted GMAC's unopposed motion for default, disposing of all claims between GMAC and Flick. (Doc. No. 25). The Court deferred entry of final judgment "pending the resolution of all claims against all parties in this matter or upon determination that final judgment is warranted pursuant to Rule 54(b) of the Federal Rules of Civil Procedure." (Id. at 3). On June 25, 2010, GMAC filed a Motion for Judgment on the Pleadings under Rule 12(c) and for Entry of Final Judgment pursuant to Rule 54(b), (Doc. No. 27), in which GMAC seeks principal damages in the amount of $535,005.61, plus $31,532.81 for attorneys' fees. Flick did not respond.

---

[1] While these actions were underway, Flick was administratively dissolved on February 24, 2010. This Court noted in its March 7, 2011 Order, (Doc. No. 53), that "Flick appears to be insolvent and thus unable not only to repurchase the loan from GMAC but also to pursue its action against Chicago Title."

GMAC filed a Motion to Intervene in Flick's lawsuit against Chicago Title on June 30, 2010, (Doc. No. 31), and by Order dated March 7, 2011, (Doc. No. 53), this Court permitted GMAC to file a Complaint in Intervention against Chicago Title. See (Doc. No. 55). GMAC asserts the following claims against Chicago Title in its Intervention Complaint: declaratory judgment for indemnification from and against its losses sustained as a result of the bad acts of Chicago Title's Approved Attorney (Count I), breach of contract for the Approved Attorney's failure to close the loan in compliance with the instructions in the CPL (Count II), breach of contract for Chicago Title's failure to indemnify GMAC and Flick (Count III), bad faith denial of an insurance claim (Count IV), and a claim for damages under a theory of respondeat superior (Count V). (Id.).

On April 6, 2011, Flick and Chicago Title entered into a Settlement and Assignment Agreement, (Doc. No. 61-9), in which Flick "settled its claims against Chicago Title and assigned to Chicago Title any claims Flick might have related to the subject matter of this action." (Doc. No. 61-1 at 3). Flick and Chicago Title filed a Joint Motion to Dismiss Flick's Complaint Against Chicago Title on June 3, 2011, (Doc. No. 61). GMAC opposes Flick and Chicago Title's Motion to Dismiss, arguing:

(1) The entry of final judgment on GMAC's Motion for Judgment on the Pleadings against Flick should precede any action on the Motion to Dismiss, (Doc. No. 65 at 3);

(2) If the Court grants the Motion to Dismiss, it would frustrate the whole purpose of GMAC's intervention in this matter, (Id.);

(3) If the Court grants the Motion to Dismiss, GMAC anticipates that Chicago Title will take the position that since GMAC stands in the shoes of Flick and Flick has dismissed its claims against Chicago Title, GMAC's claims against Chicago Title are likewise extinguished, (Id.);

(4) Because of Flick's limited assets, GMAC's ability to collect on its judgment turns on Flick's action against Chicago Title, (Id. at 4);

(5) Flick and Chicago Title have colluded in an attempt to dismiss this action and to reach a questionable settlement agreement in which Flick purports to assign GMAC's rights and interests to Chicago Title, (Id.);

(3) GMAC can only recover for the harm it has suffered by pursuing Flick's asserted claims against Chicago Title, (Doc. No. 71 at 2); and/or

(5) If the Court dismisses Flick's Complaint against Chicago Title, GMAC will be unfairly prejudiced, (Id. at 3).

Alternatively, GMAC concedes that Flick does not need to remain a party to this litigation if the Court finds that the September 6, 2001 assignment of the subject mortgage was effective to transfer to GMAC all of Flick's rights, title and interest in the deed of trust. (Doc. No. 71 at 2). Under this theory, GMAC argues that it has effectively stepped into the shoes of Flick by operation of the assignment and as a result, GMAC can pursue Flick's claims directly against Chicago Title. (Id.).

Flick and Chicago Title argue that GMAC will not suffer prejudice by the dismissal of Flick's action because:

(1) GMAC has independent claims against Chicago Title as stated in its Intervention Complaint, (Doc. No. 68 at 10);

(2) If Flick transferred to GMAC all of Flick's rights in the deed of trust and related title insurance documents on September 6, 2011, thereby assigning its claims against Chicago Title to GMAC, then Flick's Settlement Agreement with Chicago Title would be ineffective to discharge those claims, (Id. at 11);

(3) If GMAC did not acquire Flick's claims against Chicago Title on September 6, 2001, then those claims have been settled and are barred by the doctrine of accord and satisfaction,[2] (Id.);

---

[2] North Carolina's doctrine of accord and satisfaction states: "In all claims, or money demands, of whatever kind, and howsoever due, where an agreement is made and accepted for a less amount than that demanded or claimed to be due, in satisfaction thereof, the payment of the less amount according to such agreement in compromise of the whole is a full and complete discharge of the same." N.C. GEN. STAT. § 1-540.

5

(4) GMAC and Chicago Title are the only necessary parties to GMAC's intervention complaint because any claim not assigned to GMAC is now owned by Chicago Title, (Doc. No. 61-1 at 4); and/or

(5) GMAC failed to take the steps legally required to acquire an interest in Flick's cause of action against Chicago Title,[3] (Doc. No. 68 at 12).

On July 18, 2011, the Magistrate Judge found the reasoning in ITV Direct, Inc. v. Healthy Solutions, LLC, 445 F.3d 66, 69-71 (1st Cir. 2006) persuasive and recommended that this Court deny Flick and Chicago Title's Motion to Dismiss "without prejudice to those parties' right to renew their Motion following resolution of all claims between GMAC and Chicago Title." (Doc. No. 67 at 3).

Flick and Chicago Title object to several of the Magistrate Judge's statements of fact and law. (Doc. No. 68). Flick and Chicago Title contend that the Magistrate Judge erred by: (1) finding that "GMAC's interest is contingent on the outcome of Flick's action against Chicago Title," (2) finding that "because of Flick's limited assets, GMAC's ability to collect on its judgment turns on Flick's action against Chicago Title," (3) finding that "the parties have not addressed the issue of whether the filing of GMAC's Complaint in Intervention preserves its claims against Chicago Title notwithstanding the dismissal of Flick's Complaint," (4) failing to find that Flick had settled its claims against Chicago Title, (5) failing to find that Flick was legally authorized to enter into the settlement agreement with Chicago Title and the settlement agreement violated no law or order of this Court, and (6) holding that the reasoning in ITV Direct, 445 F.3d at 69-71, applies to this case. (Doc. No. 68 at 3-4).

After reviewing the parties' filings and the Magistrate Judge's M&R, the Court finds that

---

[3] Flick alleges that GMAC "abandoned its motion to have this Court appoint a receiver for Flick and failed to seek a prejudgment attachment of Flick's cause of action against Chicago Title." (Doc. No. 68 at 12).

the statement of facts should be amended to include Flick and Chicago Title's April 6, 2011 Settlement Agreement, the reasoning in ITV Direct is not controlling, and Flick's Complaint against Chicago Title should be DISMISSED with prejudice.

## II.     STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

## III.    ANALYSIS

Under Rule 41(a), a plaintiff may dismiss an action by stipulation of dismissal if agreed to by all parties who have appeared. FED. R. CIV. P. 41(a)(1)(A)(ii). GMAC intervened in Flick's lawsuit against Chicago Title in March 2011. See (Doc. No. 55). GMAC's consent was therefore necessary for Flick's voluntary dismissal of its Complaint against Chicago Title. See

7

FED. R. CIV. P. 41(a)(1)(A)(ii). GMAC did not consent. Flick and Chicago Title have accordingly moved for dismissal pursuant to Rule 41(a)(2), which provides that a plaintiff may request dismissal by court order. FED. R. CIV. P. 41(a)(2) ("[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."). The purpose of this rule "is freely to allow a voluntary dismissal," Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987), unless there is "plain legal prejudice to the defendant," Ellett Bros. v. United States Fid. & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001). See also Howard v. Inova Health Care Servs., 302 F. App'x 166, 178 (4th Cir. 2008).

The Court considers the effect of the requested dismissal on GMAC's interests as intervenor. See ITV Direct, 445 F.3d at 70 (noting that where a plaintiff seeks to dismiss its claims with prejudice, "a third-party intervenor's interests should also be considered"); Cnty. of Santa Fe v. Pub. Serv. Col. of N.M., 311 F.3d 1031, 1048-50 (10th Cir. 2002) (reversing district court's dismissal with prejudice where intervenors would be prejudiced by res judicata implications); Wheeler v. Am. Home Prods. Corp., 582 F.2d 891, 896 (5th Cir. 1977) (reversing district court's dismissal of all claims on the basis of a stipulation between the original parties because dismissal also included claims asserted by the intervenors).

"Factors that may bear on whether the [opposing party] will suffer legal prejudice by a dismissal include, among others, (1) the plaintiff's diligence in moving for a voluntary dismissal, (2) the stage of the litigation, including the defendant's effort and expense in preparing for trial, and (3) the adequacy of the plaintiff's explanation for the need to dismiss." Fidelity Bank PLC v. Northern Fox Shipping N.V., 242 F. App'x 84, 88-89 (4th Cir. 2007); see also Santa Fe, 311 F.3d at 1048. "This list of factors is by no means exclusive, and factors that are unique to the context of the case must also be considered. Santa Fe, 311 F.3d at 1048; see also Howard, 302

F. App'x at 179 ("Our jurisprudence on the issue of what constitutes sufficient prejudice to a nonmovant to support denial of a motion for voluntary dismissal under Rule 41(a)(2) is not free from ambiguity.").

The factors to be considered in this analysis weigh in favor of dismissal. First, Flick acted diligently in moving for a voluntary dismissal. Flick and Chicago Title entered into the Settlement Agreement on April 6, 2011. (Doc. No. 61-9). Two months later, on June 3, 2011, Flick sought to dismiss its Complaint against Chicago Title. (Doc. No. 61). Thus, there is no evidence of any excessive delay or lack of diligence on Flick's part. The stage of the litigation, with the trial date as yet unscheduled, likewise does not indicate that the motion should be denied. See Howard, 302 F. App'x at 179-181 (affirming denial of motion to dismiss without prejudice because plaintiff sought to dismiss his complaint two weeks before trial after defendant had incurred substantial expense in preparing for trial); Miller v. Terramite Corp., 114 F. App'x 536, 540 (4th Cir. 2004) (affirming district court's decision that plaintiff's motion for voluntary dismissal was "untimely and would waste judicial resources" because the motion was filed well after discovery had closed and a dispositive order was imminent). There also seems to be adequate reason for Flick's desire to settle. Flick states as follows:

> Flick is a dissolved Florida corporation that has the authority to wind down its affairs, to sue others, and to settle such lawsuits. See FLA. STAT. § 607.1405. Pursuant to this authority, Flick has settled its claim against Chicago Title. . . . Further participation in this case would prejudice Flick by forcing it to continue to expend resources on legal fees and costs, with no future apparent benefit to itself.

(Doc. No. 68 at 8). Flick's desire to avoid the expense of litigation, particularly in light of the lack of unsettled claims remaining between Flick and Chicago Title, is a sufficient explanation for the need to dismiss.

GMAC argued, and the Magistrate Judge agreed, that to grant Flick and Chicago Title's

9

Motion to Dismiss would frustrate the whole purpose of GMAC's intervention in this matter. Now that Flick and Chicago Title have entered into the Settlement Agreement, however, justice requires Flick's dismissal. Dismissing Flick's claims against Chicago Title, and thereby allowing Flick to leave the litigation, would not subject GMAC to undue prejudice. First, GMAC has asserted its own claims against Chicago Title in its Complaint in Intervention, (Doc. No. 55). Additionally, GMAC concedes that Flick does not need to remain a party to this litigation if the September 6, 2001 assignment of the Dixon mortgage was effective to transfer to GMAC all of Flick's rights, title and interest in the deed of trust. (Doc. No. 78). The Court finds that allowing Flick to dismiss its claims against Chicago Title will not extinguish GMAC's claims against Chicago Title. There does not appear to be any compelling reason why Flick, an insolvent and unwilling participant, should be required to remain in the current litigation.

## V. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Flick and Chicago Title's Joint Motion to Dismiss Flick's Complaint Against Chicago Title, (Doc. No. 61), is **GRANTED** and Flick's Complaint against Chicago Title is **DISMISSED with prejudice**.

Signed: March 31, 2012

Robert J. Conrad, Jr.
Chief United States District Judge